# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| HANOVER INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-00442-CV-W-DW |
| | ) | |
| v. | ) | |
| | ) | |
| EXCELLENT FOOD PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# ORDER

Pending before the Court is Hanover Insurance Company's ("Hanover") motion to dismiss, or in the alternative, objections to Excellent Food Products, Inc.'s ("Excellent Food") application to enter judgment (Doc. 2). Excellent Food filed suggestions in opposition (Doc. 5), and Hanover filed a reply brief (Docs. 6, 7).

On May 11, 2005, Hanover filed a notice of removal, requesting that the state court action between these parties "be removed and that this [C]ourt accept jurisdiction over it." The very same day, however, Hanover also filed the pending motion to dismiss, and argued that the Court lacked subject matter jurisdiction. In the motion, Hanover argues in part that

> Excellent Food's Application to Enter Judgment do[es] not confer subject matter jurisdiction on the Court. Under Mo. R. Civ. P. 53.01, a civil action is commenced by filing a petition with the [C]ourt. Excellent Food's request for judgment under the previous administrative order appointing an umpire does not satisfy this requirement. The administrative matter is not a civil action providing a forum for a full and complete adjudication of the parties' dispute.

Under 28 U.S.C. § 1441, only a "civil action" may be removed from state to federal court. Here, and as the Court recognized in a companion case, the "state court matter, or the matter that

was once before the state court, appears to be little more than an administrative proceeding . . . ." See Hanover Ins. Co. v. Excellent Food Prods., Inc., No. 05-0228-CV-W-DW (W.D. Mo. July 8, 2005), Doc. 10. After a review of the record, the Court holds that action here is simply a state administrative matter, and therefore Hanover improvidently removed it from state court. Therefore, the Court lacks subject matter jurisdiction and remands this action to state court.

Finally, Hanover's procedural gamesmanship, by first removing this action and then immediately moving to dismiss for lack of subject matter jurisdiction, will not be countenanced by this Court. Therefore, the Court will entertain a motion by Excellent Food to recover "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

For the following reasons, Hanover's motion to dismiss is DENIED; it is further ORDERED that this action is remanded to the Circuit Court of Jackson County, Missouri. SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: August 16, 2005